UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,

    Plaintiff,

Case No.: 2:16-cv-10698-SJM-RSW

Hon. Stephen J. Murphy, III

v.

DALE DE STENO, JONATHAN PERSICO, and NATHAN PETERS

    Defendants.

_____/

| McDONALD HOPKINS PLC | STROBL & SHARP, P.C. |
|---|---|
| By: James J. Boutros II (P53710) | BY: Henry J. Andries, Jr. (P53669) |
|     Sherri A. Krause (P48054) | Attorneys for Defendant |
| 39533 Woodward Ave., Suite 318 | 300 E. Long Lake Rd., Ste. 200 |
| Bloomfield Hills, MI 48304 | Bloomfield Hills, MI 48304 |
| (248) 220-1354 / Fax – (248) 646-5075 | (248) 540-2300 / Fax – (248) 645-2690 |
| jboutros@mcdonaldhopkins.com | handries@stroblpc.com |
| skrause@mcdonaldhopkins.com | |

_____/

**DEFENDANTS' MOTION TO DISMISS
FOR IMPROPER VENUE OR TRANSER VENUE**

Defendants Dale De Steno, Jonathan Persico and Nathan Peters ("Defendants"), by and through their attorneys, Strobl & Sharp, PC, state as follows for their Motion to Dismiss for Improper Venue or Transfer Venue:

1.     Pursuant to Fed. R. Civ. P. 12(b)(3), Defendants move this Court to properly dismiss this diversity action because venue in this District is improper. Venue is improper pursuant to 28 U.S.C §1391(a)(2) because this District is not a judicial forum with a substantial connection to Plaintiff's claim for breach of contract and breach of the duty of loyalty. If the court determines that venue is improper, it must either dismiss the case or, if it is in the interest of justice, transfer it to a district where venue is proper. 28 U.S.C. § 1406.

2.     Even if venue is proper in this District, 28 U.S.C. § 1404(a) permits the Court in its discretion to transfer the case to the District of Minnesota: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer of this case to the District of Minnesota, where venue is proper, is warranted for the convenience of parties and witnesses, in the interest of justice.

3.     Pursuant to Local Rule 7.1(a)(2), there was a conference between the attorneys in which the movant's counsel explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

4.     Defendants' Motion to Dismiss for Improper Venue or Transfer Venue is further supported by the attached Brief.

WHEREFORE, Defendants respectfully request the Court pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss the action for improper venue under 28 U.S.C § 1391(a)(2) or transfer the action to the United States District Court, District of Minnesota, pursuant to 28 U.S.C. §1406 or 28 U.S.C. §1404(a).

                                          Respectfully submitted,
                                          STROBL & SHARP, P. C.

                                  By:  */s/ Henry J. Andries, Jr.*
                                          Henry J. Andries, Jr. (P53669)
                                          Attorneys for Defendant
                                          300 East Long Lake Road, Suite 200
                                          Bloomfield Hills, MI 48304-2376

Dated: March 4, 2016             (248) 540-2300
*S&B\112066\001\PLDG\SB550720.DOCX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,

    Plaintiff,

                                      Case No.: 2:16-cv-10698-SJM-RSW

v.                                      Hon. Stephen J. Murphy, III

DALE DE STENO, JONATHAN
PERSICO, and NATHAN PETERS

    Defendants.
_____/

| McDONALD HOPKINS PLC | STROBL & SHARP, P.C. |
|---|---|
| By:  James J. Boutros II (P53710) | BY:  Henry J. Andries, Jr. (P53669) |
|       Sherri A. Krause (P48054) | Attorneys for Defendant |
| 39533 Woodward Ave., Suite 318 | 300 E. Long Lake Rd., Ste. 200 |
| Bloomfield Hills, MI  48304 | Bloomfield Hills, MI  48304 |
| (248) 220-1354 | (248) 540-2300 |
| Fax – (248) 646-5075 | Fax – (248) 645-2690 |
| jboutros@mcdonaldhopkins.com | handries@stroblpc.com |
| skrause@mcdonaldhopkins.com | |

_____/

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER VENUE

## STATEMENT OF ISSUES PRESENTED

1. Whether dismissal of this diversity action for improper venue is proper pursuant to 28 U.S.C §1391(a)(2), where this District is not a judicial forum with a substantial connection to Plaintiff's claims, the only connection this forum has to Plaintiff's claims is the fact that Plaintiff's principal place of business is located in this District, and all of the alleged events or omissions giving rise to Plaintiff's claims occurred in the District of Minnesota.

2. In the event the Court finds venue in this District proper, whether the Court should exercise its discretion pursuant to 28 U.S.C. § 1404(a) to transfer the action to the District of Minnesota for the convenience of parties and witnesses, in the interest of justice.

## STATEMENT OF CONTROLLING AUTHORITY

A diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C § 1391(a)(2).

Venue is proper in "any forum with a substantial connection to the plaintiff's claim." *First of Mich. Corp. v Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendants move to dismiss this diversity action because venue in this District is improper. Venue is improper pursuant to 28 U.S.C §1391(a)(2) because this District is not a judicial forum with a substantial connection to Plaintiff's claim for breach of contract and breach of the duty of loyalty. The only connection this forum has to Plaintiff's claims is the fact that Plaintiff's principal place of business is located in this District. All of the alleged events or omissions giving rise to Plaintiff's claims occurred in the District of Minnesota, where Defendants (i) reside; (ii) worked for Plaintiff in the staffing industry at Plaintiff's divisional offices in the Minneapolis metropolitan area ("Minneapolis"); and (iii) continue to work in the staffing industry for their current employer, allegedly in competition with Plaintiff. If the court determines that venue is improper, it must either dismiss the case or, if it is in the interest of justice, transfer it to a district where venue is proper. 28 U.S.C. § 1406.

In the event the Court finds venue in this District proper, 28 U.S.C. § 1404(a) permits the Court in its discretion to transfer the case to the District of Minnesota: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer of this case to the District of Minnesota, where venue is

4

proper, is warranted for the convenience of parties and witnesses, in the interest of justice.

Accordingly, Defendants respectfully request the Court to dismiss the action for improper venue under 28 U.S.C § 1391(a)(2) or transfer the action to the United States District Court, District of Minnesota, pursuant to 28 U.S.C. §1406 or 28 U.S.C. §1404(a).

## II. STATEMENT OF FACTS

**A.    The Parties**

Kelly Services, Inc. ("Kelly"), Delaware Corporation headquartered in Michigan, is a publicly traded staffing company with well over a hundred offices throughout the country and multiple divisions. (**Exhibit A**, ¶ 2). Defendant Persico, age 32, was employed as a recruiter for Kelly Engineering Resources ("KER"), a division of Kelly, from approximately June 17, 2013, through February 1, 2016. (**Exhibit B**, Persico Affidavit, ¶ 2). As a recruiter for KER, he was responsible for recruiting potential job candidates for engineering positions primarily in the Minneapolis/St. Paul, Minnesota metropolitan ("Minneapolis") market. (*Id.*) Defendant Peters, age 35, was employed by Kelly as a business development representative for KER from approximately February 2, 2015, through February 1, 2016. (**Exhibit C**, Peters Affidavit, ¶ 2). As a business

development representative, he was responsible for finding and identifying open positions in the Minneapolis market for purposes of staffing engineers. (*Id.*, ¶ 3). Defendant De Steno, age 38, was employed by Kelly from approximately June 30, 2003, through February 1, 2016. (**Exhibit D**, De Steno Affidavit, ¶ 2). At the time of his resignation, he worked as a search consultant for KER and had both recruiting and business development responsibilities for purposes of staffing engineers. (*Id.*, ¶ 4). Approximately 97% of his territory was the upper Midwest region, consisting of Minnesota, Wisconsin, South Dakota, North Dakota and Iowa. (*Id.*) All three Defendants worked for Kelly at KER's divisional office located in Minneapolis. (**Exhibit B-D**).

### B.    The Staffing Industry

Staffing agencies identify prospective customers, access available job openings and find candidates for the job openings. (**Exhibit D**, ¶ 12). Revenue is derived from successfully placing candidates at clients. (*Id.*) Most staffing agencies operate similarly, with a recruiting side to recruit candidates and a sales or business development side to work with hiring companies and find job openings. (*Id.*) Recruiters source prospective candidates from publicly available sources (*e.g.* public job posting websites), and submit their candidates to compete for the jobs. The hiring company hires the best candidates. (*Id.*) There is substantial customer and client overlap within the staffing industry, and companies

6

and hiring managers often utilize multiple staffing agencies and recruiters in filling the same job opening. (*Id.*) The decision as to which staffing agency gets the placement fee is dependent upon the staffing agency's ability to produce the candidate selected for placement. (*Id.*)

C.   **Defendants Accept Positions with Pride Technologies, Inc.**

In approximately September of 2015, Defendants learned that Kelly intended to hire more staffing employees for KER in the Minneapolis market. (**Exhibit B, ¶ 6; Exhibit C, ¶ 8; Exhibit D, ¶ 8**). Defendants believed that the addition of more employees in the market would negatively impact their compensation in the future. (*Id.*) In January of 2016, Defendants each received staffing position offers from Pride Technologies, Inc. ("Pride"). (**Exhibit B, ¶ 7; Exhibit C, ¶ 9; Exhibit D, ¶ 9**). Defendant Persico accepted a position as a lead recruiter of information technology ("IT") professionals, Defendant Peters accepted a position as a sales and client engagement manager for IT employee staffing, and Defendant De Steno accepted a position as a recruiting manager for IT staffing purposes. (*Id.*) Defendants were not responsible for staffing IT professionals for Kelly, which had another division for IT staffing. (*Id.*) Pride does not conduct engineer professional staffing in Minneapolis or elsewhere. (*Id.*) Upon information and belief, Pride offers IT staffing services in three markets – Cincinnati, New York and Minneapolis. (*Id.*)

7

**D.      Defendants Resign Their Kelly Employment**

On February 1, 2016, Defendants voluntarily resigned their Kelly employment. Defendants did not take any Kelly property or data with them when they left employment with Kelly. (**Exhibit B**, ¶ 9; **Exhibit C**, ¶ 11; **Exhibit D**, ¶ 11). They do not have, and have not used or disclosed in connection with their Pride employment, any alleged confidential information of Kelly. (*Id.*).

**E.      Plaintiff Sues Defendants in Michigan**

On or about February 11, 2016, ten days after Defendants resigned their employment, Plaintiff filed a three-count Verified Complaint for Injunctive and other Relief (the "Complaint") in Michigan State court against Defendants, alleging breach of restrictive covenants and the duty of loyalty.[1] Count I of the Complaint alleged, "Defendants' employment with Pride Health – in the same capacity and same market area in which they worked while at Kelly – constitutes a breach of the non-competition provision contained in the Agreements." (**Exhibit A**, ¶ 66). Count II of the Complaint alleged, "Defendants' use and disclosure of Kelly's confidential and proprietary information constitutes a breach of the confidentiality/non-disclosure provision contained in the Agreements," and "Likewise, Defendants' solicitation of Kelly employees and/or clients is a direct

---

[1] Defendants timely removed the case to this Court based on diversity jurisdiction.

violation of the Agreements." (*Id.*, ¶ 72-73). Count III of the Complaint alleged, "Defendants have breached their duties of loyalty by disclosing or using the confidential information and trade secrets of Kelly in competition with Kelly and on behalf of Pride Health. Likewise, their knowing and wrongful solicitation of Kelly employees constitutes a breach of their duty of loyalty." (*Id.*, ¶ 79).

## II. LAW AND ARGUMENT

### A. Venue in this District is Improper.

Pursuant to 28 U.S.C § 1391(a)(2) governing venue of civil actions, a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The statute does not require the Court to determine where the most substantial events giving rise to the claim occurred; rather venue is proper in "any forum with a substantial connection to the plaintiff's claim." *First of Mich. Corp. v Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Plaintiff bears the initial burden of establishing venue. *Kepler v ITT Sheraton Corp.*, 860 F. Supp. 393, 396 (E.D. Mich. 1994). Upon this showing, the burden shifts to the defendant to "establish[ ] that venue is improper." *Kelly Services, Inc. v. Eidnes*, 530 F.Supp.2d 940, 948 (E.D. Mich. 2008).[2] If the court

---

[2] The Sixth Circuit has yet to decide which party bears the burden when a court is faced with a Rule 12(b)(3) motion to dismiss for improper venue. *Long John Silver's, Inc. v. Diwa III, Inc.*, 650 F.Supp.2d 612, 630 (E.D. Ky, 2009). One federal practice authority has noted the position "that probably represents the

determines that venue is improper, it must either dismiss the case or, if it is in the interest of justice, transfer it to a district where venue is proper. 28 U.S.C. § 1406.

Here, the only connection this forum has to Plaintiff's claims is the fact that Plaintiff's principal place of business is located in this District. Defendants worked for Kelly's KER division in Minneapolis and, according to Plaintiff's Complaint, all of the alleged acts or omissions giving rise to Plaintiff's claims occurred in the District of Minnesota. Plaintiff's Complaint alleges that Defendants signed the alleged restrictive covenants in Minneapolis at the time of their respective hires. Plaintiff's Complaint also alleges that "Defendants' employment with Pride Health – in the same capacity and same market area [Minneapolis] in which they worked while at Kelly – constitutes a breach of the non-competition provision contained in the Agreements." **(Exhibit A, ¶ 66).** Similarly, all the alleged acts that form the basis of Plaintiff's remaining claims occurred in Minnesota. (*Id.*, ¶ 72-73; 79).

---

weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue." Charles Alan Wright, et al., *Federal Practice and Procedure*, § 3826 (3d Ed. 2012).

10

Accordingly, venue is improper pursuant to 28 U.S.C §1391(a)(2) because this District is not a judicial forum with a substantial connection to Plaintiff's claims.[3]

## B. Alternatively, Transfer of Venue is Warranted Pursuant to 28 U.S.C. § 1404(a)

If the Court finds venue in this district proper, 28 U.S.C. § 1404(a) permits the Court to transfer the case to the District of Minnesota: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The convenience of witnesses has been called "the most powerful factor governing the decision of whether to transfer a case." 17 Moore's Federal Practice, § 111.13[1][f][i]. Convenience for the witnesses is a primary, if not the preeminent reason for transfer under section 1404. *Midwest Motor Supply v. Kimball*, 761 F.Supp. 1316 (S.D. Ohio 1991). However, transferring venue cannot result in an exchange of inconvenience from one party to the other. *Superior Consulting v. Walling*, 851 F.Supp. 839, 845 (E.D. Mich.1994).

---

[3] Defendants were not management level employees. Both Kelly's Area Manager and Territory VP for Staffing and Recruiting for the Minneapolis market were located in Minneapolis and worked at Kelly's Minneapolis offices where Defendants worked.

11

"The statute is broadly drafted, and leaves much to the discretion of the district court." *AlixPartners, LLP v. Brewington*, --- F.Supp.3d ----2015 WL 5273878 (ED Mich 2015) (citations omitted). In exercising such discretion, courts in this Circuit typically rely on a number of factors, including:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.,* citing *IFL Group v. World Wide Flight Services*, 306 F.Supp.2d 709, 712 (E.D. Mich. 2004).

Venue in the District of Minnesota is proper as all three individual Defendants are citizens of Minnesota. It cannot be credibly disputed that the District of Minnesota would be a substantially more convenient forum for the parties and witnesses, and that this District would be a seriously inconvenient forum for Defendants and the overwhelmingly majority of – if not all - witnesses. These witnesses include Defendants, Kelly's staffing and recruiting Area Manager and Territory VP for the Minneapolis market located in Kelly's Minneapolis offices, job candidates and clients located in the Minneapolis market and records custodians located in the Minneapolis market and Kelly's Minneapolis offices. Defendants were not employed by Kelly in management positions. They worked

12

in recruiting and/or staffing capacities during their entire employment for Kelly in Minneapolis.

All of the alleged acts or omissions giving rise to Plaintiff's claims occurred in the District of Minnesota. Plaintiff's Complaint alleges that "Defendants' employment with Pride Health – in the same capacity and same market area [Minneapolis] in which they worked while at Kelly – constitutes a breach of the non-competition provision contained in the Agreements." Similarly, all the alleged acts that form the basis of Plaintiff's remaining claims occurred in Minnesota. Of the nine factors that Courts typically rely upon in exercising discretion to transfer under the statute, only two arguably weigh in Plaintiff's favor - the forum's familiarity with the governing law; and the weight accorded the plaintiff's choice of forum. However, the District of Minnesota is more than capable of applying Michigan law, only assuming for the sake of argument that Michigan law applies. And, the weight accorded the plaintiff's choice of forum is extremely light considering all the alleged acts that form the basis of Plaintiff's claims all occurred in Minneapolis and Kelly's staffing and recruiting management team for the Minneapolis market is located at Kelly's Minneapolis office. All of the remaining factors weigh heavily in favor of transfer for the convenience of parties and witnesses, in the interest of justice. Accordingly, transfer of this action to the

District of Minnesota is appropriate for the convenience of parties and witnesses, in the interest of justice.

## IV.  CONCLUSION

Based on the foregoing, Defendants respectfully request the Court, pursuant to Fed. R. Civ. P. 12(b)(3), to dismiss the action for improper venue under 28 U.S.C § 1391(a)(2) or transfer the action to the United States District Court, District of Minnesota, pursuant to 28 U.S.C. §1406 or 28 U.S.C. §1404(a).

Respectfully submitted,

STROBL & SHARP, P. C.

By: /s/ *Henry J. Andries, Jr.*
Henry J. Andries, Jr. (P53669)
Attorneys for Defendant
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
(248) 540-2300

Dated:  March 4, 2016
*S&B\112066\001\PLDG\SB550904.DOCX

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2016, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System which will send electronic notices of same to all counsel of record.

By: /s/ Henry J. Andries, Jr.
Henry J. Andries, Jr. (P53669)
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
(248) 540-2300
handries@stroblpc.com

*S&B\112066\001\PLDG\SB550904.DOCX