UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,

    Plaintiff,

v.

DALE DE STENO, et al.,

    Defendants.

                                /

Case No. 2:16-cv-10698

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [34]
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [35]**

Plaintiff sued Defendants for breach of contract. ECF 1-2, PgID 29. Now before the Court are Plaintiff's Motion for Summary Judgment, ECF 34, and Defendants' Motion for Summary Judgment, ECF 35. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's motion and deny Defendants' motion.

**BACKGROUND**

Plaintiff Kelly Services, Inc. specializes in providing employment staffing and consulting services. ECF 1-2, PgID 13. Defendants Dale De Steno, Jonathan Persico, and Nathan Peters are Plaintiff's former employees. *Id.* at 13, 16, 22. Defendants signed employment contracts that entitled Plaintiff to attorney's fees and costs incurred to enforce the contracts. ECF 34-1, PgID 1209, 1213, 1233. Defendants ultimately took jobs with a competitor, and Plaintiff brought suit alleging that Defendants violated their non-compete covenants. ECF 1-2, PgID 29. During the litigation, the Court entered a preliminary injunction, that expired after a year, enjoining Defendants from working for competitors and

disclosing confidential information. ECF 30, PgID 1145. Plaintiff does not seek to further enforce the non-compete covenants, so the remaining issue is whether Plaintiff is contractually entitled to the attorney's fee and costs incurred during the case. ECF 34, PgID 1160.

## STANDARD OF REVIEW

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

**DISCUSSION**

I. <u>Contractual Attorney's Fees</u>

Plaintiff is contractually entitled to attorney's fees. Michigan law governs the dispute because it was selected by the parties in the employment contracts. ECF 34-1, PgID 1214, 1221, 1227. Under Michigan law, "a party claiming a breach of contract must establish (1) that there was a contract, (2) that the other party breached the contract[,] and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Dunn v. Bennett*, 303 Mich. App. 767, 774 (2013) (quoting *Miller-Davis Co. v. Ahrens Constr., Inc.*, 296 Mich. App. 56, 71 (2012)). When it interprets a contract, the Court's primary obligation is to determine the intent of the parties. *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 352, 375 (2003). If the contract's language is unambiguous, it should be construed and enforced as written. *Id.*

Plaintiff is entitled to attorney's fees and costs under a plain reading of the contracts. Defendant De Steno's contract says that he "will pay [Plaintiff's] reasonable attorney's fees and costs involved in enforcing" the contract. ECF 34-1, PgID 1209. Defendants Persico's and Peters's contracts state that they "agree to pay any and all legal fees, including without limitation, all attorneys' fees, court costs, and any other related fees and/or costs incurred by [Plaintiff] in enforcing" the contracts. *Id.* at 1213, 1233. The litigation here involves enforcement of the contracts: Plaintiff brought suit seeking a court order requiring Defendants to comply with a provision of the contract. Plaintiff therefore has a contractual right to the attorney's fees and costs incurred to bring the lawsuit.

Defendants make two arguments: (1) the non-compete clauses are unenforceable, and (2) the preliminary injunction enjoining Defendants did not require a ruling on the

3

merits.[1] Defendants' arguments are well taken, but misplaced. The first argument fails because the operative provisions before the Court are the covenants to pay attorney's fees and costs—not the non-compete clauses. And attorney's fees provisions are enforceable under Michigan law. *Zeeland Farm Servs., Inc. v. JBL Enterprises, Inc.*, 219 Mich. App. 190, 195–96 (1996) ("The parties to a contract may include a provision that the breaching party will be required to pay the other side's attorney fees and such provisions are judicially enforceable."). The enforceability of the non-compete clauses is thus irrelevant—especially because the contracts include "savings clauses" that provide that the rest of the contract is enforceable even when a particular part of the contract is found unenforceable. ECF 34-1, PgID 1209, 1215, 1222.

Defendants' second argument fails because a ruling on the merits is not required to trigger the attorney's fees provisions. The attorney's fees section is distinct from the non-compete clause, and there is no language specifically linking the two. Moreover, the parties did not include language requiring Plaintiff to prevail before it was entitled to the fees.[2] Accordingly, a plain reading of the contracts suggests that the parties intended for Defendants to pay attorney's fees if Plaintiff merely sought to enforce the contracts. And enforcement is precisely what the lawsuit involves: Plaintiff, albeit not on the merits,

---

[1] Defendants also seem to make an argument that judgment on attorney's fees is procedurally improper at the present stage of litigation. *See* ECF 29, PgID 1545–46. Attorney's fees are typically collateral to the merits and awarded after judgment. *See* Fed. R. Civ. P. 54(d). But attorney's fees awarded pursuant to a contract are considered damages, not costs. *Central Transp., Inc. v. Fruehauf Corp.,* 139 Mich. App. 536, 548 (1984). Thus, Rule 54(d) does not govern. Because Plaintiff included a request for the contractual attorney's fees in its complaint, ECF 1-2, PgID 33, the matter is properly before the Court.

[2] In fact, Defendants argue elsewhere that "the alleged agreements at issue here do not contain a 'prevailing party' contractual provision." ECF 39, PgID 1545.

persuaded the Court to enter an order enjoining Defendants from competing for the duration of the non-compete clauses.

Accordingly, Plaintiff is contractually entitled to reasonable attorney's fees and costs it incurred by bringing the suit. Defendants breached their obligation by refusing to pay any fees and costs, ECF 37, PgID 1447, which resulted in damages. Plaintiff is therefore entitled to judgment as a matter of law.

II. Additional Briefing

The Court has determined that Plaintiff is contractually entitled to reasonable attorney's fees and costs as a matter of law. The Court next must decide: (1) whether a jury or the Court is the proper body to decide the amount of damages, and (2) if the Court can make the determination, what is the proper amount of damages. Understandably, the parties' briefs primarily focused on the merits of Plaintiff's contractual rights rather than the damages. Although in most situations the issue would be amenable to settlement or mediation, the Court understands that Defendants are not inclined to partake in discussions. The Court therefore will order additional briefing.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment [34] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [35] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** no later than 14 days after the date of this order a supplemental brief addressing whether the Court may assess damages, and if so, what would be an appropriate amount. Defendants shall **FILE** a response no later

than 14 days after the date of Plaintiff's filing. Plaintiff may **FILE** a reply no later than 7 days after the date of Defendants' response. The briefs may not exceed 10 pages each.

    **SO ORDERED**.

                                  s/Stephen J. Murphy, III
                                  STEPHEN J. MURPHY, III
                                  United States District Judge

Dated: October 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2017, by electronic and/or ordinary mail.

                                  s/David P. Parker
                                  Case Manager